[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RE: MOTION FOR ARTICULATION
On December 11, 1998, the plaintiff, Alfred Saturno, brought this breach of contract action against the defendant, Steven Saturno. The plaintiff and defendant were equal partners in a real estate venture to purchase property on Lindale Avenue in Stamford. Eventually, the property was destroyed by fire resulting in business losses in the partnership. The defendant claimed $140,000 in losses on his personal taxes. Subsequently, the defendant quit-claimed his interest on the property to the plaintiff. On March 26, 2001, this court rendered its decision finding, inter alia, that (1) the plaintiff was liable for his proportionate share, or $70,000, of a $140,000 partnership debt; and (2) the plaintiff had proven by a fair preponderance of the evidence the allegations of the complaint entitling him to recovery of specific performance on the disputed contract.
On April 17, 2001, the defendant filed a motion for articulation regarding this court's decision. Specifically, the defendant asks this court to clarify (1) the tax burden the plaintiff sustained and continues to sustain as a result of owning the property; and (2) the equitable burdens on the defendant which the court considered upon awarding specific performance to the plaintiff. This court now articulates its ruling.
Regarding the first issue raised by the defendant, this court stated in its decision that, "[t]he plaintiff does not dispute the existence of a CT Page 7698 partnership debt but adamantly disputes that his proportionate share of the debt is $140,000 as the defendant represented to him in 1992. The defendant agrees that he represented to the plaintiff that he was liable for $140,000, that the "Lindale Partnership' incurred a debt of $140,000 and that the defendant enjoyed a tax benefit by writing off this entire amount. From these facts, the court finds that the amount of the partnership debt is $140,000, of which the plaintiff is liable for his proportionate share, or $70,000." Saturno v. Saturno, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169531 (March 26, 2001, Hickey, J.). Therefore, when this court stated that the plaintiff was liable for $70,000, it was implicit that the plaintiff was also responsible for any taxes and costs on his proportionate share of the debt.
Regarding the second issue raised by the defendant, this court weighed considerations of equity and found that the plaintiff was entitled to specific performance and ordered the defendant to reconvey the property to the plaintiff. The defendant claims that in doing so the court did not address the equitable burden to the defendant. As this court stated in its decision, "[t]he availability of specific performance is not a matter of right, but depends rather upon an evaluation of equitable considerations. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) Allen v. Nissley, 184 Conn. 539, 546, 440 A.2d 231
(1981). In balancing the equities, this court considered the extreme ill health of the plaintiff. Furthermore, this court considered the plaintiff's reliance on the defendant's representation regarding the amount of the plaintiff's indebtedness to the defendant. Ultimately, this court found the defendant's conduct to be an "egregious, albeit nonfraudulent, misrepresentation." Saturno v. Saturno, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169531 (March 26, 2001, Hickey, J.). Moreover, this court considered the defendant's unjustified refusal to pay the plaintiff the defendant's share of the value of the property above the value of the plaintiff's debt. Consequently, this
For these reasons, this court rendered its decision.
HICKEY, J.